UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BIERMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>NURSE 1,<br><br>          Defendant. | Case No. 1:20-cv-01777-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) OF CERTAIN DEFENDANTS AND CLAIMS<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANT<br><br>(Doc. No. 17) |

Plaintiff James Bierman, a prisoner, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983. On April 5, 2023, this Court issued a screening order on Plaintiff's Complaint. As discussed at length in this Court's April 5, 2023 Screening Order, the Complaint states a cognizable Fourteenth Amendment[1] claim against Nurse 1 for deliberate indifference to Plaintiff's medical condition but no other claim. (Doc. No. 16 at 4-7). Specifically, the Court found the Complaint did not state any cognizable claim against Nurse 2 or the medical staffing supervisor at the Kern County Lerdo Detention Facility. (*Id.*). The Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a

---

[1] Plaintiff was a pretrial detainee at the time of the events in the complaint.

notice under Rule 41 that he is willing to proceed only on the claims the court found cognizable in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings and Recommendations to dismiss the defendants and claims not cognizable. (Doc. No. 16 at 7-8). On April 20, 2023, Plaintiff filed a pleading, dated April 13, 2023, signed to under penalty of perjury stating that he desires "to stand on his current complaint as screened" "and proceed only on his 14th Amendment deliberate indifference claim to his medical condition against Nurse 1." (Doc. No. 17 at 5).[2]

Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior to an answer or motion for summary judgment to dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). In accordance with Plaintiff's notice, Nurse 2 and medical staffing supervisor at the Kern County Lerdo Detention Facility are dismissed without prejudice by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff's Complaint will proceed on Plaintiff's Fourteenth Amendment claim against Nurse 1 for deliberate indifference to Plaintiff's medical condition. (See Doc. Nos. 1, 16). The Court will direct service of process on Defendant Nurse 1 by separate order.

Accordingly, it is **ORDERED**:

The Clerk of Court shall correct the docket to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of Defendants Nurse 2 and the Kern County Lerdo Detention Facility.

Dated:  April 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff filed an amended complaint, but it is devoid of any allegations other than the above statement in the "Relief" portion that Plaintiff is electing "option #2." The Court thus construes the pleading a Rule 41 notice to dismiss the claims and defendants deemed not cognizable in the screening order.