UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BIERMAN, | Case No. 1:20-cv-01777-HBK (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(M) |
| v. | |
| NURSE 1, | 21 DAY DEADLINE |
| Defendant. | |

This matter comes before the Court upon periodic review of the file. Plaintiff who is proceeding pro se and *in forma pauperis* is proceeding on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. Nos 1, Complaint). The Court determined the Complaint stated a claim for a violation of Plaintiff's Fourteenth Amendment rights for deliberate indifference as to his medical condition against Nurse 1 as to the fall from his bunk but no other claim. (Doc. No. 16). On April 20, 2023, Plaintiff filed a notice to proceed only on his Fourteenth Amendment claim against Nurse 1 and dismissed Nurse 2 and medical staffing supervisor at the Kern County Lerdo Detention Facility. (Doc. No. 17; *see also* Doc. No. 18). On April 26, 2023, Plaintiff was directed to complete service forms as to Nurse 1. (Doc. No. 19). After granting Plaintiff an extension of time, on June 23, 2023, Plaintiff submitted the completed service forms as to Nurse 1. (Doc. Nos. 22, 23). Using the service forms completed by Plaintiff, the Court directed the United States Marshals Service ("USM") personally serve Nurse 1. (Doc. No. 25). On

September 12, 2023, the USM returned the summons unexecuted as to Nurse 1 they could not identify Nurse 1.  (Doc. No. 26).  Furthermore, the USM stated they could not locate Nurse 1 based on the information provided.  (*Id*.).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint.  Fed. R. Civ. P. 4(m).  The time may be extended for good cause shown.  *Id*.  If a defendant is not served within the requisite time period, after notice to plaintiff, the court *must* dismiss the action without prejudice, or order that service be made within a certain time period.  *Id.* (emphasis added).

"*Pro se* litigants must follow the same rules of procedure that govern other litigants."  *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, *6-*7 (C.D. Cal. Jun. 4, 2016)(findings and recommendations to dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96387, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)(*overruled* in part by *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2021)) (citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(the failure of a *pro-se* litigant to follow the procedural rules justified the dismissal of the *pro-se* litigant's civil rights action).  While prisoners may rely on the U.S. Marshal's Office to serve a defendant, a district court may dismiss a prisoner's civil rights complaint for a failure to effect service when the prisoner plaintiff fails to provide the U.S. Marshals with sufficient information to serve a defendant.  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).  The rules of civil procedure are "based on the assumption that litigation is normally conducted by lawyers[;]" however, the rules should not be interpreted in a manner that excuses "mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Plaintiff's Rule 4(m) period did not commence running until the Court authorized service of process and the Clerk of Court gave the USM the service-related documents provided by Plaintiff.  *See Thomas*, 2015 U.S. Dist. LEXIS 96365 at *6.  Plaintiff's Rule 4(m) period is approaching expiration.  As of the date of this order, Plaintiff has not provided the USM with sufficient information to effect service on Defendant Nurse 1.  (*See generally* docket).

Plaintiff must provide an updated address or contact information for Defendant Nurse 1.

In his Complaint, Plaintiff identifies Nurse 1 as the Nurse who examined him on September 27, 2020 after he punched a wall and again on or about October 1, 2020, after he fell from his bunk. Plaintiff should attempt to obtain the name of Nurse 1 using the prison's inmate request form or some other form.  Presumably, Plaintiff filed a grievance in connection with the alleged denial of treatment after his fall from his bed on or about October 1, 2020.  Such grievance form or the prison's response thereto, might have the nurse's name or other identifying information. Additionally, Plaintiff may request his pertinent medical file from the prison which would likely identify the name of Nurse 1, since Plaintiff admits she treated him on September 27, 2020, provided him with a sling and sent him to the hospital for an x-ray.

Alternatively, if he wishes, Plaintiff may voluntarily dismiss this action without prejudice pursuant to Fed. Rule Civ. P. 41 while he attempts to obtain identifying information for Nurse 1. If Defendant cannot effectuate service within his Rule 4(m) period, then he will need to show good cause why the Court should not dismiss Defendant Nurse 1 under Rule 4(m).  The failure to show will result in both a dismissal of Defendant Nurse 1 and this action without prejudice.

Accordingly, it is **ORDERED**:

Within twenty-one (21) days of receipt of this this Order, Plaintiff shall provide an updated address or contact information for Defendant Nurse 1 or show cause why the Court should not dismiss Nurse 1 without prejudice under Rule 4(m).  Alternatively, Plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41 while he attempts to gather information to identify Nurse 1.

Dated:     September 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3