UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BIERMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>NURSE 1,<br><br>        Defendant. | Case No.  1:20-cv-01777-HBK (PC)<br><br>CLERK TO CLOSE CASE BASED UPON PLAINTIFF'S VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41 (a)(1)(A)(i)<br><br>(Doc. No. 28) |

On October 5, 2023, the Plaintiff filed a construed notice of voluntary dismissal. (Doc. No. 28).  The notice follows the court's September 19, 2023, order directing Plaintiff to either provide an updated address for the sole defendant or show cause why the court should not dismiss the sole defendant under Federal Rule Civil Procedure 4(m).  (Doc. No. 27).  In his signed notice, Plaintiff states he wishes to voluntarily dismiss this action without prejudice until he can "gather the necessary information" to prosecute this case.  (Doc. No. 28 at 1).   Because no defendant has been served and no answer nor motion for summary judgment has been filed, Plaintiff may voluntarily dismiss this action by operation of law without further order from the Court.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Thus, the Court construes the notice as filed under Federal Rule of Civil Procedure 41(a).

Because Plaintiff is voluntarily dismissing this action without prejudice, once Plaintiff identifies the "necessary information" he may refile a new action.  Plaintiff is cautioned he must

file his new action before the expiration of the applicable statute of limitations.[1]

ACCORDINGLY:

The Clerk of Court is directed to vacate all deadlines and CLOSE this case to reflect Plaintiff's Notice of Voluntary Dismissal without prejudice consistent with Fed. R. Civ. P. 41(a)(1)(A)(i).

Dated:   October 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute of limitations for section 1983 actions "is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (citations omitted). In California, the statute of limitations for personal injury claims is two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 335.1). Thus, the statute of limitations for section 1983 actions arising in California is two years. *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014) (citation omitted). In addition to the statute of limitations, federal courts apply "the forum state's law regarding tolling" for section 1983 actions. *Jones*, 393 F.3d at 927 (citation omitted). In California, the statute of limitations is tolled for a maximum of two years if and while a plaintiff is imprisoned, unless the plaintiff is serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1(a); *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 7 (Cal. Ct. App. 2016) ("only those sentenced to life without possibility of parole should be excluded from the tolling provision" of section 352.1) (citations omitted). Thus, unless Plaintiff is serving a life sentence, he must file his action within four years of the date on when the action accrued.